IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRY BENDER,**

    **Petitioner,**

**v.**                                             **Civil Action No. 5:12cv165**
                                                   **(Judge Stamp)**

**ANNE CARTER, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On November 1, 2012, the *pro se* petitioner filed a petition under 28 U.S.C. § 2241, challenging the use of a prior state conviction to trigger a sentencing enhancement for his federal firearms offense. The Clerk of Court issued a Notice of Deficient Pleading the same day, directing the petitioner to either file an application to proceed as a pauper, with a copy of his Prisoner Trust Account Report, or pay the five dollar filing fee, and file his petition on a court-approved form within twenty-one days. On November 5, 2012, petitioner paid the required filing fee, and on November 13, 2012, he filed his court-approved form petition. On December 19, 2012, the respondent was ordered to file a response. On December 21, 2012, the petitioner filed a Notice of Intent to File Proposed Schedule. On January 2, 2013, the respondent filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment and Response to Order to Show Cause., along with a memorandum in support. A <u>Roseboro</u> Notice was issue to the petitioner the same day. On January 16, 2013, the petitioner filed a Memorandum in Support of Petitioner's Motion to Dismiss or in the Alternative, for Summary Judgment, Response to Order to Show Cause and his Request for Immediate Release.

This matter is pending before the undersigned for review and Report and Recommendation pursuant to LR PL P1 and 2.

## I. Factual and Procedural History

On March 17, 1993, the petitioner, along with 18 other individuals, was indicted by a federal grand jury in a nine-count superseding indictment with a forfeiture provision. On June 11, 1993, the petitioner pled guilty pursuant to a written plea agreement to Count One, conspiracy to possess and distribute cocaine; Count Three, felon in possession of a firearm; and Count Eight, money laundering.[1] On August 9, 1993, the petitioner filed a motion to vacate his guilty plea. Following an evidentiary hearing on August 10, 1993, the United States District Court for the Northern District of Ohio denied his motion, and sentenced him to 360 months on Count one; 27 months on Count Three; and 121 months on Count Eight, to run concurrently; five years supervised release; a $25,000.00 fine, and a total special assessment of $150 on the three counts. Pursuant to the plea agreement, petitioner also agreed to the forfeiture of $11,534.00 in U.S. currency.

On November 7, 1994, the Sixth Circuit affirmed the petitioner's conviction and sentence in United States v. Bender, 42 F.3d 1508, 1994 WL 622158 (6th Cir. 1994)(unpublished opinion).

Thereafter, between 1994 and mid-December 2012, the petitioner, deemed a "vexatious litigant"[2] in 2006 by the sentencing court, filed a multitude of post-conviction challenges to his conviction and sentence on various grounds,[3] partially summarized here:

---

[1] The plea agreement also stated, *inter alia,* that Bender expressly waived his right to challenge the forfeiture and the right to appeal or file any post-conviction writs of habeas corpus pertaining to his prosecution, including probable cause determinations.

[2] Memorandum Opinion and Order summarizing the petitioner's pattern of vexatious litigation and enjoining him from filing any new lawsuits or other documents in the Northern District of Ohio, without first obtaining leave of court. (N.D. Oh. Dkt.# 2 at 8 - 9) (1:06cv01504).

| Case No., Style of Case | Date Filed | Type of Case | Outcome | District |
|---|---|---|---|---|
| 1:94-cv-01212 USA v. $11,534.00 Currency and Terry Bender, interested party | 06/19/1994 | Forfeiture property - drugs | All rights, title, and interest in $11,534.00 U.S. currency forfeited; appealed to 6th Cir. Court of Appeals; motions for injunction pending appeal; for equitable relief; and to amend judgment in N.D. Ohio all denied. | N.D. Ohio |
| Bender v. USA 1:97cv986 | 04/21/1997 | §2255 | Consolidated with 1:97cv1062 and dismissed; denied certificate of appealability. Appeal to 6th Circuit Court of Appeals for certificate of appealability denied. Motion to extend time to petition for rehearing *en banc* denied. Untimely petition for rehearing *en banc* filed but not accepted by 6th Circuit. Petition for writ of *certiorari* to Supreme Court denied. | N.D. Ohio |
| Bender v. USA 1:97cv1062 | 04/24/1997 | §2255 | Consolidated with 1:97cv986 and dismissed; denied certificate of appealability. Appeal to 6th Circuit Court of Appeals for certificate of appealability denied. Motion to extend time to petition for rehearing *en banc* denied. Untimely petition for rehearing *en banc* filed but not accepted by 6th Circuit. Petition for writ of *certiorari* to Supreme Court denied. | N.D. Ohio |
| 1:02cv290 Bender v. Bureau of Prisons, et al. | 02/27/2002 | §1983 [sic] | Denied and dismissed. Appealed to 3rd Cir. Court of Appeals (No. 04-4563), judgment of W.D. Pa. affirmed. | W.D. Pa. |
| 1:04cv2159 Bender v. USA, et al. | 10/28/2004 | Bivens civil rights action, alleging AUSA perjured herself at a hearing on his motion to withdraw guilty plea | Dismissed pursuant to 28 U.S.C. §1915A; complaint is an implicit challenge to the validity of conviction and sentence. Two weeks after complaint dismissed, files Rule 59 motion to alter/amend judgment, 3 weeks after complaint dismissed, files an amended Bivens and FTCA complaint. Both motions denied. Two | N.D. Ohio |

---

[3] In October, 2006, the sentencing court noted that petitioner had already filed at least 39 post-conviction challenges to his guilty plea, conviction and sentence since 1993, via multiple §2255 motions; 4 motions seeking leave to file successive §2255 motions; a §2241 petition in the Eastern District of Kentucky; 5 petitions for writs of mandamus in the 6th Circuit Court of Appeals; a Bivens action in the N.D. of Ohio, a FTCA action, and within those cases, the underlying criminal action and the forfeiture action, he had filed 7 Fed.R.Civ.P. 60(B) motions for relief from judgment; 10 Fed.R.Civ.P. 59(e) motions to alter or amend judgment; a motion to modify his term of imprisonment; 2 motions to disqualify the U.S. Attorneys' office from responding to his actions; 2 motions for recusal of the court; a Motion to Amend Judgment under Fed.R.Civ.P. 15(c); a Motion to Vacate for Fraud upon the Court and Judgment as Void; a Motion to Amend Judgment Based on Fraud; and a Motion to Amend Judgment Based on Manifest Error of Law. (Id. at 7).

| Case | Date | Type | Disposition | Court |
|---|---|---|---|---|
| | | | weeks later, files notice of appeal. Two months after notice of appeal, files a Rule 60(b)(6) motion to vacate final judgment; motion denied. | |
| 0:05cv26 Bender v. O'Brien | 01/31/2005 | §2241 | Denied and dismissed, failed to demonstrate actual innocence under new rule of law by U.S. Supreme Court; two Rule 60(b)(6) motions for reconsideration denied; appeal to 6th Cir. Court of Appeals denied; petition for *certiorari* denied | E.D. Kentucky |
| 1:06cv01504 Bender v. USA, et al. | 06/19/2006 | Bivens civil rights action (originally erroneously filed as a §1983 action), raising claims that call into question validity of his conviction | Dismissed; permanently enjoined from filing anything further without leave of court. **Pre-filing injunction issued** for filing "at least 39 post-conviction challenges to his guilty plea, conviction and sentence since . . . incarceration in 1993 . . . [asserting same challenges] that . . . AUSA did not fully disclose terms of plea agreement" and conviction should be set aside." | N.D. Ohio |
| 0:07cv00038 Bender v. State of Ohio | 04/10/2007 | §2254, challenging validity of Ohio state court conviction (originally docketed as a 2241 petition) | Transferred to sentencing court in N.D. Ohio | E.D. Kentucky |
| 0:07cv00041 Bender v. State of Ohio | 04/11/2007 | §2254, challenging Ohio state court convictions (originally docketed as a §2241 petition) | Transferred to sentencing court in N.D. Ohio | E.D. Kentucky |
| 1:07cv01934 Bender v. State of Ohio | 06/28/2007 | §2254, claims ineffective assistance of counsel on 1982 Ohio state court conviction | Denied and dismissed. No longer in custody for purposes of habeas on the challenged conviction. | N.D. Ohio |
| 1:07cv02599 Bender v. State of Ohio | 08/27/2007 | §2254, challenging 1988 Ohio state court conviction | Denied and dismissed. No longer in custody for purposes of habeas on the challenged conviction. | N.D. Ohio |
| 1:07cv03349 Bender v. Patton | 10/29/2007 | §2254; challenging 1982 and 1988 Ohio state court convictions, predicate offenses used to enhance sentence. | Denied and dismissed. No longer in custody for purposes of habeas on the challenged conviction. | N.D. Ohio |
| 0:08cv66 Bender v. Cauley | 04/30/2008 | §2241, challenging validity of 3 prior state court convictions and their use enhancing federal sentence, and Ohio | Denied and dismissed; has again failed to demonstrate actual innocence under a new interpretation of an applicable criminal statute; that he has not had opportunities to make these challenges before; or that his | E.D. Kentucky |

| Case No., Style of Case | Opening Date | Type of Case | Disposition | Originating Case No. Origin |
|---|---|---|---|---|
| | | | state appellate court's refusal to permit untimely appeal of these 6th Amendment claims. | remedy by Section 2255 was inadequate or ineffective. |
| 0:09cv27<br>Bender v. Cauley | 03/13/2009 | §2241 – challenge to criminal conviction and enhanced sentence for federal firearms offense | Denied; failed to demonstrate actual innocence under a new interpretation of an applicable criminal statute or that he has not had opportunities to make these challenges before or that his remedy by Section 2255 was inadequate or ineffective. | E.D. Kentucky |
| 1:10cv78<br>Bender v. Zeigler | 05/14/2010 | §2241 – challenge to criminal conviction and enhanced sentence received for federal firearms offense and previous convictions | Denied and dismissed as improperly filed §2241 petition, challenging conviction and sentence. Appealed to 4th Circuit Court of Appeals. Order granting Bender's granting motion to voluntarily dismiss appeal pursuant to FRAP 42(b). | N.D. W.Va. |
| 5:12cv165<br>Bender v. Carter | 11/01/2012 | §2241 – challenge to criminal conviction and enhanced sentence for federal firearms offense | Instant case | N.D. W.Va. |

Petitioner's many filings in the 6th Circuit Court of Appeals, at least as of mid-December, 2012, are reflected in this chart:

| Case No., Style of Case | Opening Date | Type of Case | Disposition;<br>Last Docket Entry | Originating Case No.<br>Origin |
|---|---|---|---|---|
| 93-3986<br>USA v. Bender | 08/25/1993 | Criminal Appeal | Judgment of N.D. Ohio affirmed.<br>03/15/2010 | 0647-1: 93-00044<br>N.D. Ohio |
| 94-3667<br>USA v. Bender | 06/27/1994 | Appeal of Order (N.D. Oh. Dkt.# 508) denying motion to stay execution of criminal forfeiture | Dismissed for filing untimely notice of appeal. Petition for rehearing *en banc* denied.<br>11/16/1994 | 0647-1: 93-00044<br>N.D. Ohio |
| 96-3429<br>USA v. Bender | 04/16/1996 | Appeal of Order (N.D. Oh. Dkt.# 582) denying motion for return of property | Judgment of N.D. Ohio affirmed.<br>03/18/1997 | 0647-1: 93-00044<br>N.D. Ohio |
| 97-3143<br>USA v. $11,534.00 Currency, et al. | 02/13/1997 | Appeal of forfeiture – property, drugs | Judgment of N.D. Ohio affirmed. Petition for rehearing *en banc* denied. | 0647-1: 94-01212<br>N.D. Ohio |

| Case No. | Date | Type | Disposition | District |
|---|---|---|---|---|
| | | | Certiorari denied by U.S. Supreme Court. 10/16/1998 | |
| 99-3396 <u>In Re: Terry Bender</u> | 03/29/1999 | Mandamus | Dismissed. 07/08/1999 | 0647-1: 97-01062 N.D. Ohio |
| 99-3700 <u>Bender v. USA</u> | 06/02/1999 | Appeal of denial of consolidated §2255 motions | Order denying certificate of appealability. Motion to extend time for rehearing en banc denied. Untimely pro se petition for rehearing en banc not accepted. Certiorari denied by U.S. Supreme Court. 11/01/2000 | 0647-1: 97-00986 N.D. Ohio |
| 99-3883 <u>Bender v. USA</u> | 07/13/1999 | Appeal of (1:93-00044)(N.D. Ohio Order dated 6/10/1999; no docket number) denying motion to reconsider denial of consolidated §2255 motions | Order denying motion to grant certificate of appealability as to all issues and denying all pending motions. Motion to extend time to file petition for rehearing *en banc* denied. Untimely petition for rehearing *en banc* tendered anyway not accepted. *Certiorari* denied by U.S. Supreme court. 11/01/2000 | 0647-1: 97-00986 N.D. Ohio |
| 01-3164 <u>Bender v. USA</u> | 02/21/2001 | Appeal of N.D. Ohio's Order denying motion for reconsideration of 5/19/1999 Order denying and dismissing §2255 motions | Motions to proceed IFP and for certificate of appealability denied. Petition for rehearing *en banc* denied. Certiorari denied by U.S. Supreme Court. 10/24/2002 | 0647-1: 97-00986 N.D. Ohio |
| 01-3599 <u>In Re: Terry Bender</u> | 05/31/2001 | Mandamus | Dismissed. Petition for rehearing before original panel denied. 09/25/2001 | 0647-1: 97-00986 N.D. Ohio |
| 01-3720 <u>In Re: Terry Bender</u> | 06/28/2001 | Motion for leave to file 2nd/successive §2255 | Denied. 11/09/2001 | 0647-1: 93-00044 N.D. Ohio |
| 02-3391 <u>USA v. Bender</u> | 04/11/2002 | Appeal of N.D. Ohio's Order denying Fed. R. Civ. P. 52 & 59 motions to modify sentence | Judgment(s) of N.D. Ohio affirmed. Order denying petition for rehearing *en banc*. 05/12/2003 | 0647-1: 93-00044 N.D. Ohio |
| 03-3800 <u>In Re: Terry Bender</u> | 06/04/2003 | Motions for leave to file 2nd/successive motion, for disqualification of U.S. Attorneys' office, and motion in | Order denying motion for order authorizing District Court to consider a 2nd/successive §2255 motion; denying remaining motions as moot. | 0647-1: 93-00044 N.D. Ohio |

| Case No. | Date Filed | Nature | Disposition | Lower Court |
|---|---|---|---|---|
| | | support of recusal based upon judicial bias | 03/05/2004 | |
| 03-3881<br>USA v. Bender | 06/26/2003 | Appeal of Order denying motions to reconsider motion for recusal based on judicial bias and withholding evidence, and denying as moot motion for disqualification of U.S. Attorneys Office. | Judgment(s) of N.D. Ohio affirmed. Untimely petition for rehearing *en banc* not accepted.<br>06/18/2004 | 0647-1: 93-00044<br>N.D. Ohio |
| 04-3064<br>USA v. Bender | 01/15/2004 | Appeal of Order denying motion to compel AUSAs to provide investigative reports. | Order granting Bender's motion to voluntarily dismiss appeal.<br>05/03/2004 | 0647-1: 93-00044<br>N.D. Ohio |
| 04-3150<br>In Re: Terry Bender | 02/06/2004 | Mandamus | Dismissed as frivolous. Petition for rehearing *en banc* denied.<br>05/20/2004 | 0647-1: 93-00044<br>N.D. Ohio |
| 04-3239<br>In Re: Terry Bender | 02/26/2004 | Mandamus | Dismissed as frivolous. Petition for rehearing *en banc* denied.<br>05/20/2004 | 0647-1: 93-00044<br>N.D. Ohio |
| 04-4135<br>In Re: Terry Bender | 09/17/2004 | Motion for leave to file 2nd/successive motion. | Denied.<br>02/02/2005 | 0647-1: 97-00986<br>N.D. Ohio |
| 05-3130<br>Bender v. USA, et al. | 01/28/2005 | Appeal of dismissal of civil rights case. | Order granting Bender's motion to voluntarily dismiss appeal.<br>02/15/2005 | 0647-1: 04-02159<br>N.D. Ohio |
| 05-5636<br>Bender v. O'Brien | 05/03/2005 | Appeal of denial of §2241 | Judgment of E.D. Kentucky affirmed. Motion for rehearing *en banc* denied. *Certiorari* denied by U.S. Supreme Court.<br>11/09/2006 | 0643-0: 05-00026<br>E.D. Kentucky |
| 05-3836<br>In Re: Terry Bender | 06/28/2005 | Mandamus | Dismissed.<br>09/26/2005 | 0647-1: 93-00044<br>N.D. Ohio |
| 05-4251<br>In Re: Terry Bender | 10/11/2005 | Motion for leave to file 2nd/successive motion. | Denied.<br>04/20/2006 | 0647-1: 97-00986<br>N.D. Ohio |
| 06-3982<br>In Re: Terry Bender | 07/12/2006 | Motion for leave to file 2nd/successive motion. | Denied.<br>11/12/2006 | 0647-1: 97-00986<br>N.D. Ohio |
| 07-3797<br>In Re: Terry Bender | 06/19/2007 | Motion for leave to file 2nd/successive motion. | Motion for leave to file 2nd/successive §2255 motion denied; **government's** | 0647-1: 97-00986<br>N.D. Ohio |

| | | | motion to have Bender declared a vexatious litigant "denied at this time." 06/16/2008 | |
|---|---|---|---|---|
| 07-3909 Bender v. USA | 07/18/2007 | Appeal of Orders denying as moot his 2002 Fed. R. Civ. P. 60(b) motion alleging prosecutorial fraud upon court and 2003 motion to amend previously-denied § 2255 motion. | Judgment(s) of N.D. Ohio affirmed. 09/24/2010 | 0647-1: 97-00986 N.D. Ohio |
| 08-3639 Bender v. Patton | 05/21/2008 | Appeal of denial of §2254 | Orders denying certificate of appealability, declaring motion to proceed IFP moot and denying motion for rehearing *en banc*. 11/06/2009 | 0647-1: 07-03349 N.D. Ohio |
| 09-5572 Bender v. Cauley | 05/08/2009 | Appeal of denial of §2241 petition | Judgment of E.D. Kentucky affirmed. 02/09/2010 | 0643-0: 09-00027 E.D. Kentucky |
| 10-4217 In Re: Terry Bender | 10/05/2010 | Mandamus | Dismissed as moot. 12/09/2010 | 0647-1: 93-00044-001 N.D. Ohio |
| 10-4512 USA v. Bender | 12/02/2010 | Appeal of multiple orders in criminal case (denying motions to enter correct judgment, for hearing, for appointed counsel, to expedite, to reconsider prior orders denying reconsideration. | Judgment(s) of N.D. Ohio affirmed. Petition for rehearing *en banc* denied. 04/09/2012 | 0647-1: 93-00044-001 N.D. Ohio |
| 10-4606 USA v. Bender | 12/28/2010 | Appeal of multiple orders denying reconsideration of Order denying motion to enforce plea agreement | Judgment(s) of N.D. Ohio affirmed. Petition for rehearing *en banc* denied. 04/09/2012 | 0647-1:93-00044-001 N.D. Ohio |
| 12-3087 Bender v. USA | 01/25/2012 | Appeal of orders denying motions for reconsideration and for certification of previously-denied §2255 motions | Certificate of appealability denied 09/24/2012 | 0647-1: 1:97cv986 Lead: 93-00044 N.D. Ohio |
| 12-3134 Bender v. USA | 02/03/2012 | Attempting to appeal (again) the previously-denied §2255 motion | Certificate of appealability denied. 09/24/2012 | 0647-1: 1:97cv-986 Lead: 93-00044 N.D. Ohio |

Petitioner's projected date of release, per the Bureau of Prisons ("BOP") Inmate Locator, is June 14, 2019.[4]

## II. The Pleadings

### A. Claims Raised by the Petitioner

The petitioner again attacks the validity of his conviction and sentence, asserting that he is "actually innocent of being a felon in possession of a firearm . . . where under Ohio Law O.R.C. §2967.16 para 2 [sic] allowed Mr. Bender to possess a firearm." (Dkt.# 6 at 5). He contends his rights to possess a firearm were "automatic," because they "were restored as a matter of law upon completion of his sentence and received [sic] his final release from the Ohio Adult Parole Authority." (Dkt.# 6-1 at 2). Thus, he contends, he should not have been convicted of the firearms offense which was used to further enhance his sentence.

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that he "did not discover that he were [sic] actually innocent of being a felon in possession of a firearm until June 2012. He cannot meet the requirements of a successive 28 U.S.C. §2244 [sic]. Therefore he has not [sic] source of redress to prestent [sic] his claim of actual innocence. Inasmuch, Mr. Bender claims that he is factually innocent." (Dkt.# 6 at 9).

As relief, he requests that the Court "[d]ismiss the firearm conviction pursuant to 18 U.S.C. §922(g)(1) and remand for resentencing without the USSG 2D1.1(b)(1) enhancement."

### B. Respondent's Motion to Dismiss, or in the Alternative, For Summary Judgment, and Response to Order to Show Cause

---

[4] See
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=terry+&Middle=&LastName=bender&Race=U&Sex=M&Age=&x=63&y=17

9

The respondent contends that the petition should be dismissed, or summary judgment should be granted in its favor, because petitioner has failed to demonstrate that

1) the 28 U.S.C. §2255 is an inadequate or ineffective remedy;

2) that he has been authorized to file a second or successive §2255 motion, or

3) that this is the proper forum to consider a claim of actual innocence.

**C. Petitioner's Response**

Petitioner reiterates his arguments and attempts to refute the respondent's on the same. As relief, he now seeks to be "immediately released."

### III. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the

"rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## IV. Analysis

### Lack of Jurisdiction

As petitioner has already been advised many times, in each of his prior attempts to challenge his conviction and sentence through the vehicle of a §2241 petition, prisoners seeking to challenge the validity of their federal convictions and/or sentences must proceed under 28 U.S.C. § 2255 in the district court where they were convicted. A petition for writ of habeas corpus, pursuant to a §2241, on the other hand, is intended to address the execution of a

sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[5] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, it does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.
    The limitation period shall run from the last of:
    a. The date on which the judgment of conviction becomes final;
    b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. §2255.

prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, petitioner asserts that he is actually innocent of being a felon in possession of a firearm. However, in order to raise a claim of actual innocence under § 2241, a petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[6] This petitioner has not done and cannot do. Further, although petitioner raises the savings clause,[7] it is clear that he is not entitled to its application. Even assuming *arguendo,* petitioner could satisfy the first and the third elements of Jones, the crimes for which petitioner was convicted remain criminal offenses, and therefore he cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

Further, petitioner's pending Notice of Intent to File Proposed Schedule should be **DISMISSED as moot.**

---

[6] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a §2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

[7] Presumably, petitioner is well aware of the pre-filing injunction against him in the sentencing court, and thus no longer attempts to file what are in effect, successive §2255 motions there.

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by March 18, 2013**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket, and to all counsel of record electronically, as applicable.

The Clerk is further directed to terminate the referral of this action to the undersigned.

DATED: March 4, 2013.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE