IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY BENDER,

    Petitioner,

v.                                    Civil Action No. 5:12CV165
                                                (STAMP)
ANNE CARTER, Warden

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On November 1, 2012, the petitioner filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of his 1993 conviction and sentence in the Northern District of Ohio. On June 11, 1993, the petitioner pled guilty pursuant to a written plea agreement to Count One, conspiracy to possess and distribute cocaine; Count Three, felon in possession of a firearm; and Count Eight, money laundering, of a nine-count superseding indictment entered against him by a federal grand jury. Following his plea, the petitioner moved to vacate his guilty plea, which motion was denied by the trial court following an evidentiary hearing. On August 10, 1993, the petitioner was sentenced to a total of 360 months

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

incarceration[2] to be followed by five years supervised release; a $25,000.00 fine, and a total special assessment of $150.00 on the three counts. This sentence was the result of a two-level sentencing enhancement pursuant to United States Sentencing Guideline § 2D1.1(b)(1) for possessing a firearm during the commission of a drug trafficking offense.

Following his sentencing, the defendant appealed, and his conviction and sentence was affirmed by the United States Court of Appeals for the Sixth Circuit on November 7, 1994.[3] Thereafter, the petitioner began to file numerous post-conviction challenges to his conviction and sentence on a number of grounds, which are summarized at length by the magistrate judge in his report and recommendation, and will not be reiterated herein. As a result of this multitude of filings, the sentencing court declared the petitioner a "vexatious litigant" in 2006. When the petitioner was transferred to his current place of incarceration, FCI Morgantown, he filed a previous § 2241 petition in another court in this district, also challenging his conviction and sentence. That petition was also dismissed as not cognizable under § 2241. See

---

[2]The petitioner received a sentence of 360 months on Count One; 27 months on Count Three; and 121 months on Count Eight, to be served concurrently.

[3]This Court notes, as did the magistrate judge, that in his plea agreement, the petitioner waived his right to appeal or file any post-conviction writs of habeas corpus pertaining to his prosecution, including probable cause determinations.

Bender v. Ziegler, No. 1:10cv78, 2010 WL 3835600 (N.D. W. Va. Sept. 28 2010)(Keeley). The petitioner then filed this petition under § 2241, again challenging his conviction and sentence.

Pursuant to Local Rule of Prisoner Litigation Procedure 2, this petition was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation. After a preliminary review, the magistrate judge ordered the respondent to answer, and the respondent filed a motion to dismiss, or alternatively, motion for summary judgment. The petitioner responded to the motion following the issuance of a Roseboro[4] notice, and Magistrate Judge Seibert entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought.

The petitioner timely filed objections reiterating contentions contained within his petition and asserting that the magistrate judge failed to consider "the additional exception clause" under 28 U.S.C. § 2255. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be

---

[4]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se petitioner of his right to file material in response to a motion for summary judgment).

affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the Magistrate Judge's recommendation will be reviewed de novo.

## III. Discussion

The magistrate judge found that § 2241 is an improper vehicle for the petitioner's claims because the petitioner attacks the validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241. The magistrate judge found that the petitioner cannot rely upon the "savings clause" in § 2255 which permits certain claims to be brought under § 2241 because the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy.

Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is

"inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones, and does not claim that he can do so. Rather, in his petition, and again in his objections to the magistrate judge's report and recommendation, the petitioner argues that he is factually innocent of the felon in possession of a firearm charge to which he pled guilty, and of the allegations which led to the sentencing enhancement for possession of a firearm during the commission of a felony. However, as the magistrate

5

judge noted, in order to claim factual innocence through a § 2241 petition, the petitioner must first establish the elements of Jones.  See Bousley v. United States, 523 U.S. 614, 623 (1998).

In his objections to the report and recommendation, the petitioner argues that the magistrate judge failed to consider "the additional exception clause pursuant to Schlup [Schlup v. Delo, 513 U.S. 298 (1995)] and Bousley [523 U.S. 614]."  ECF No. 20 *1.  The petitioner asserts that these cases support his argument that, upon a showing of actual innocence and that his case "implicates a fundamental miscarriage of justice," he may obtain review of his claims under § 2241.  However, it is clear from the report and recommendation that the magistrate judge considered whether a claim of actual innocence could be raised under § 2241 without satisfaction of the Jones factors.  Further, after review of Bousley and Schlup, this Court finds that neither case allows the petitioner to argue his claims under § 2241 without first satisfying the Jones requirements.

In Schlup, the petitioner was a state prisoner who filed a successive habeas petition under 28 U.S.C. § 2254.  The United States Supreme Court thus considered the validity and ability to bring such a successive petition.  513 U.S. 298.  Accordingly, § 2241 and the § 2255 savings clause were not even implicated in that case.  In Bousley, although the petitioner did file his petition challenging the factual basis for his guilty plea under

§ 2241, the United States Supreme Court specifically found that the petitioner could not receive review of the merits of his petition under § 2241 unless he first "show[ed] that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must demonstrate actual innocence." 523 U.S. at 623. Accordingly, it is clear that a claim of actual innocence cannot be considered under § 2241 unless the Jones factors are met. As the petitioner here cannot demonstrate the existence of those factors, and does not claim that he can, his petition must be dismissed as improperly raised under § 2241.

## IV. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation (ECF Nos. 16 and 17) in its entirety. Accordingly, the respondent's motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 10) is GRANTED. Petitioner's notice of intent to file proposed schedule (ECF No. 8) is DENIED AS MOOT. Further, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 30, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE