```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

TERRY BENDER,

       Petitioner,

v.                                   Civil Action No. 5:12CV165
                                                     (STAMP)

ANNE CARTER,

       Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION
TO ALTER OR AMEND JUDGMENT**

I.   Background

On November 1, 2012, the petitioner filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenged the validity of his 1993 conviction and sentence in the Northern District of Ohio. On June 11, 1993, the petitioner pled guilty pursuant to a written plea agreement to Count One, conspiracy to possess and distribute cocaine; Count Three, felon in possession of a firearm; and Count Eight, money laundering, of a nine-count superseding indictment entered against him by a federal grand jury. Following his plea, the petitioner moved to vacate his guilty plea, which motion was denied by the trial court following an evidentiary hearing. On August 10, 1993, the petitioner was sentenced to a total of 360 months

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

incarceration[2] to be followed by five years of supervised release, a $25,000.00 fine, and a total special assessment of $150.00 on the three counts. This sentence was the result of a two-level sentencing enhancement pursuant to United States Sentencing Guideline § 2D1.1(b)(1) for possessing a firearm during the commission of a drug trafficking offense.

Following his sentencing, the defendant appealed, and his conviction and sentence was affirmed by the United States Court of Appeals for the Sixth Circuit on November 7, 1994.[3] Thereafter, the petitioner began to file numerous post-conviction challenges to his conviction and sentence on a number of grounds. As a result of this multitude of filings, the sentencing court declared the petitioner a "vexatious litigant" in 2006. When the petitioner was transferred to his current place of incarceration, FCI Morgantown, he filed a previous § 2241 petition in another court in this district, also challenging his conviction and sentence. That petition was also dismissed as not cognizable under § 2241. See Bender v. Ziegler, No. 1:10cv78, 2010 WL 3835600 (N.D. W. Va. Sept. 28, 2010)(Keeley). The petitioner then filed a petition under § 2241, again challenging his conviction and sentence.

---

[2]The petitioner received a sentence of 360 months on Count One; 27 months on Count Three; and 121 months on Count Eight, to be served concurrently.

[3]This Court notes, as did the magistrate judge in his report and recommendation, that in his plea agreement, the petitioner waived his right to appeal or file any post-conviction writs of habeas corpus pertaining to his prosecution, including probable cause determinations. ECF No. 16.

Pursuant to Local Rule of Prisoner Litigation Procedure 2, his petition was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation. After a preliminary review, the magistrate judge ordered the respondent to answer, and the respondent filed a motion to dismiss, or alternatively, motion for summary judgment. The petitioner responded to the motion following the issuance of a Roseboro[4] notice, and Magistrate Judge Seibert entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought.

The petitioner timely filed objections reiterating contentions contained within his petition and asserting that the magistrate judge failed to consider "the additional exception clause" under 28 U.S.C. § 2255. This Court affirmed the report and recommendation by the magistrate judge and adopted it in its entirety, denying and dismissing with prejudice the petitioner's § 2241 petition.

The petitioner then timely filed the current motion pursuant to Federal Rule of Civil Procedure 59(e), asking this Court to alter or amend its judgment. The petitioner's only claim for relief is that this Court erred by not applying the case law of the

---

[4]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se petitioner of his right to file material in response to a motion for summary judgment).

Sixth Circuit, the circuit of conviction, to determine whether he should be permitted to proceed pursuant to § 2241. This Court then issued an order directing the respondent to respond to the petition. The respondent asserted three claims in its response for why the motion should be denied: (1) this Court properly applied the procedural law of the Fourth Circuit; (2) the petitioner's felon-in-possession of a firearm conviction does not offer a proper claim of actual innocence; and (3) the petitioner's firearm sentence enhancement does not offer a proper claim of actual innocence.

After reviewing the parties' briefings and considering the petitioner's motion, this Court finds that the petitioner's motion should be denied.

## II.  Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not

be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III. Discussion

The petitioner contends that this Court incorrectly applied Fourth Circuit procedural law to the underlying § 2241 petition. In support of this claim, petitioner cites an Eastern District of North Carolina case, Eames v. Jones, 793 F. Supp. 2d 747 (E.D.N.C. 2011). The petitioner argues that based on the reasoning of the court in Eames, this Court should have applied Sixth Circuit precedent because it is the court of conviction in this case. To the contrary, this Court finds that Eames does not stand for general applicability of the precedent of the court of conviction, rather it holds that the substantive law of the court of conviction should apply under the overarching procedural law of the court reviewing the petition. Thus, this Court finds that the petitioner's motion to alter or amend judgment must be denied and dismissed with prejudice.

The Fourth Circuit has held that in order for a petitioner to show that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention, three elements must be shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law

5

>changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Further, in the case the petitioner cites arguing that In re Jones should not have applied to his petition, the district court held that the substantive law of the place of the conviction should be applied under the controlling procedural law of the presiding court in an action considering a § 2241 petition. Eames, 793 F. Supp. 2d at 750. Other district courts within the Fourth Circuit have applied the same rule: "[a]pplication of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction." Chaney v. O'Brien, CIV.A. 7:07CV00121, 2007 WL 1189641 (W.D. Va. Apr. 23, 2007), aff'd, per curiam, 241 F. App'x 977 (4th Cir. 2007) (citing Hernandez v. Gilkey, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001)).

Under the controlling precedent of the Fourth Circuit, the petitioner's motion must fail because he is unable to show that one of the three grounds for amending an earlier judgment are present. Likely the petitioner's contention would fall under the third ground of Pacific Insurance, that the judgment must be amended in order to prevent a manifest injustice or to correct a clear error by the court. Pacific Ins. Co., 148 F.3d at 403. But as the following analysis will show, the petitioner was unable to

establish that this Court committed clear error or committed a manifest injustice in finding that the petitioner had failed to meet the requirements of In re Jones.

This Court properly applied the Fourth Circuit procedural rule of In re Jones pursuant to Eames, the case that the petitioner has cited in his motion. This Court correctly found that the petitioner could not meet the three requirements of In re Jones which was the correct procedural rule to apply to the petitioner's § 2241 petition. Thus, although the Sixth Circuit was the court of conviction, the proper procedural rule to apply in the underlying action was In re Jones. The proper substantive rule, if it had been cited by the petitioner, would have been under the Sixth Circuit's precedent. However, in his § 2241 petition, the petitioner stated that he was factually innocent without attempting to meet the In re Jones test. Accordingly, this Court found that the petitioner was unable to meet the requirements of In re Jones which was required before he could claim factual innocence through a § 2241 petition. ECF No. 21 *6 (citing Bouseley v. United States, 523 U.S. 614, 623).

Consequently, by arguing that the Sixth Circuit precedent should have been applied rather than Fourth Circuit precedent, In re Jones, the petitioner has been unable to couch his motion within the confines of Pacific Insurance. The petitioner has not shown that this Court's order should be amended to correct a clear error

of law or prevent manifest injustice. <u>Pacific Ins. Co.</u>, 148 F.3d at 403.

In accordance with the findings above, the petitioner's motion to alter or amend judgment is denied.

### IV.  <u>Conclusion</u>

As a result of the foregoing, the petitioner's motion to alter or amend judgment is DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.

DATED:   October 15, 2013

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE