IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY BENDER,

    Petitioner,

v.                             Civil Action No. 5:12-CV-165
                                                    (STAMP)

ANNE CARTER, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER
## DENYING PETITIONER'S MOTION TO REOPEN

### I. Background

On March 17, 2014, Terry Bender ("Bender") filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenged the validity of a sentence imposed upon him in the United States District Court for the Northern District of Ohio because he claimed that he is actually innocent of money laundering. The petition was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Trumble entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that § 2241 relief was unavailable through the savings clause of 18 U.S.C. § 2255 because the petitioner cannot satisfy the Jones test and,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

therefore, is not entitled to the savings clause. In re Jones, 226 F.3d 328 (4th Cir. 2000). The petitioner timely filed objections.

This Court then adopted and affirmed the report and recommendation in its entirety finding that the petitioner had failed to meet the requirements of Jones. However, this Court also found, in the alternative, that if the petition had properly been pled under § 2241, that the petitioner's claims still failed. This Court found that under United States v. Santos, 553 U.S. 507 (2008), there was not a merger issue that would require vacating the petitioner's sentence. Further, this Court found that the petitioner's claim for ineffective assistance of counsel failed as he had not proven the elements under Strickland v. Washington, 466 U.S. 668, 687 (1984).

The petitioner has now filed a motion to reopen his § 2241 action citing the United States Supreme Court case, McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). The petitioner argues that McQuiggin invalidated the requirement in Jones that the crimes that a petitioner had been convicted of are still criminal offenses in order to qualify under the savings clause. The petitioner also raises a new claim and asserts that the sentencing court did not address the petitioner during the plea colloquy concerning his waiver of post-conviction and appellate rights. The petitioner asserts that his plea is thus invalid.

For the reasons that follow, this Court finds that the petitioner's motion to reopen his § 2241 action is denied.

II. Applicable Law

This Court will construe the petitioner's motion as a Rule 60(b) motion for relief from a final judgment or order. Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or other terms, relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). Generally, motions to reconsider are "to be granted only in such extraordinary circumstances . . . . Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." United States S.E.C. v. Nat'l Presto Industries, Inc., 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004) (quoting Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)); see Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988); Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330-31 (10th Cir. 1994). It is improper to use such a

3

motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Examples of when a motion to reconsider may be appropriate include situations such as the following:

> [W]here . . . the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. at 101; Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185 (7th Cir. 1990).

## IV. Discussion

This Court first finds that it does not need to consider the petitioner's claim regarding McQuiggin and its effect on Jones as this Court made findings in the alternative to its finding that the petitioner's claims were precluded under Jones. Accordingly, the petitioner's McQuiggin argument is without merit.

Further, this Court finds that McQuiggin has not invalidated any part of Jones. The petitioner asserts that because he has forwarded actual innocence claims, the Jones requirement that the underlying criminal offense is still deemed criminal should not have been applied. The Fourth Circuit, however, has considered such arguments against the same prong in Jones post-McQuiggin and

found that it is still valid and still applicable. United States v. Surratt, No. 14-6851, 2015 WL 4591677, at *5 (4th Cir. July 31, 2015) (finding that it would be a mistake to read that requirement out of the requirements under the savings clause). As such, the petitioner's argument is again, without merit.

Finally, this Court finds that the petitioner's argument regarding his plea colloquy does not fall within any of the reasons under Rule 60(b) to grant the relief requested. First, the petitioner has not averred that through mistake, inadvertence, surprise, or excusable neglect he was unable to raise the claim initially or that he raised it initially and this Court did not consider it. Further, the petitioner has not argued that he was reasonably diligent in not raising such a claim or that he has new evidence, as the petitioner has had several opportunities to raise this argument and failed to do so initially. The petitioner has not argued that there was any fraud, misrepresentation, or misconduct by an opposing party. Nor as the petitioner contended, other than his arguments made above which this Court has found are without merit, that the judgment is void or must be reversed or vacated. Finally, this Court does not find any other reason that would justify granting such extraordinary relief in the petitioner's action. Thus, the petitioner's motion to reopen this action must be denied.

## V. Conclusion

Based on the analysis above, this Court finds that the petitioner's motion to reopen is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.

DATED:   August 21, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE