IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY BENDER,

    Petitioner,

v.                                     Civil Action No. 5:12CV165
                                                         (STAMP)

ANNE CARTER, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S MOTION TO ALTER OR AMEND**
**JUDGMENT OR ENTER JUDGMENT AS A MATTER OF LAW,**
**DENYING PETITIONER'S MOTION TO AMEND PETITION**
**AND DENYING REQUEST FOR DISCOVERY**

The petitioner, Terry Bender ("Bender"), filed a pro se[1] petition under 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. This Court denied Bender's petition, and the United States Court of Appeals for the Fourth Circuit affirmed. Bender then filed a motion to reopen the case, and this Court denied that motion. Bender has now filed a "Motion to Alter or Amend Judgment or Enter Judgment as a Matter of Law," challenging this Court's denial of his motion to reopen his case, and a motion to amend his § 2241 petition. For the following reasons, this Court denies Bender's motions.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

## I. Background

Bender, filed a pro se petition under 28 U.S.C. § 2241 on November 1, 2012 challenging the validity of his conviction and sentence on the ground that he was actually innocent of those crimes. The matter was referred to United States Magistrate Judge James E. Seibert under Local Rule of Civil Procedure 72.01. After conducting an initial review, Magistrate Judge Seibert entered a report and recommendation dismissing Bender's petition because it could not proceed under § 2255's savings clause under In re Jones, 226 F.3d 328 (4th Cir. 2000). This Court adopted and affirmed the report and recommendation, and dismissed Bender's petition.

On May 13, 2013, Bender filed a motion to alter or amend the judgment, arguing that this Court should have applied Sixth Circuit law to determine whether his § 2241 petition could proceed. This Court denied that motion, concluding that Fourth Circuit law applied because the issue was procedural. Bender appealed, and the Fourth Circuit affirmed the denial. Then Bender filed a motion to reopen this case. This Court denied that motion as well.

Bender then filed a "Motion to Alter or Amend Judgment or Enter Judgment as a Matter of Law" on September 3, 2015. He argues that this Court did not properly review his motion to reopen and requests discovery. Bender later filed an addendum to his motion, adding case law that purportedly supports allowing discovery. Bender also filed a motion to amend his § 2241 petition adding

2

claims of illegal search and seizure, prosecutorial misconduct, and fraud on the court. Upon this Court's direction, the government filed a response to all of these motions.

## II. Discussion

### A. Motion to Alter or Amend Judgment

Because Bender filed his motion to alter or amend this Court's denial of his motion to reopen within 28 days of that denial, this Court interprets his motion as one under Federal Rule of Civil Procedure 59(e). See MLC Auto, LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008) ("[T]he [petitioner's] Rule 60(b) motion was filed within ten days of the original judgment and called into question the correctness of that judgment and is properly construed as a Rule 59(e) motion."). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used

sparingly.  Id.  It is improper to use this motion to ask the court to "rethink what the court ha[s] already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Bender argues that this Court committed clear error in denying his motion to reopen.  He argues that this Court incorrectly concluded that the Supreme Court's decision in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), did not invalidate Jones's requirement that the underlying criminal offense still be deemed criminal, and that his petition could not proceed under § 2255's savings clause. However, this Court squarely decided both of those issues in denying Bender's motion to reopen, and he offers no new reasons for why those determinations were erroneous.  Thus, Bender's motion is essentially asking this Court to "rethink what [it] . . . ha[s] already thought through -- rightly or wrongly," and must be denied.  Above the Belt, 99 F.R.D. at 101.

B.  Motion to Amend § 2241 Petition

Federal Rule of Civil Procedure 15(a)(1)(A) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may do so "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Rule 15(a) grants the district court broad

4

discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elecs. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987).

Bender brought this motion to amend his § 2241 petition almost three years after originally filing the petition. This Court dismissed his petition nearly two years ago, and the Fourth Circuit affirmed that dismissal last April. Bender never attempted to amend his petition to cure its defects, and his proposed amendments also fail to cure its defects. Bender seeks to add claims of illegal search and seizure, prosecutorial misconduct, and fraud on the court. But these claims are not proper under § 2241 and do not make Bender's petition cognizable under § 2255's saving's clause. Therefore, this Court denies Bender's motion to amend his § 2241 petition because of his undue delay and because his amendments would be futile.

C. Request for Discovery

Because this Court dismissed Bender's petition and is denying his motion for reconsideration, his discovery request is denied as moot. Furthermore, discovery at this stage in the proceedings

would be inappropriate because a determination on these motions does not require fact-finding.

### III. Conclusion

For the reasons set forth above, Bender's motion to alter or amend the judgment is DENIED, his motion to amend his § 2241 petition is DENIED, and his request for discovery is DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:   October 16, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE